## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Espinosa

v.

Community Physicians, Inc.

January 21, 1983

Case No. (Law) 13,988

By JUDGE GEORGE W. VAKOS

This case is before the court on a Demurrer and Motion to Dismiss. The defendant contends that the plaintiff is precluded from bringing this action for damages by a final order entered by this court on June 11, 1982, in the chancery cause between the same parties wherein the contractual agreement referred to in the Motion for Judgment was rescinded, cancelled and set aside.

The defendant argues in support of this motion that the plaintiff, by instituting a successful suit in chancery to rescind this contract based on fraud and misrepresentations, has elected his remedy and cannot now file an action at law for damages for the alleged fraud. The plaintiff in his memorandum agrees that "one induced by fraud to enter into a contract has an election in remedies in that he may rescind the contract, or may recover damages for fraud, but cannot do both"; however, he further argues that this should not preclude him from recovering damages suffered by reason of the fraud practiced on the plaintiff by the defendant.

The court does not disagree with plaintiff's position if the damages she seeks are those that were necessary to restore her to the position she was in prior to the alleged fraud. However, if the plaintiff is seeking damages resulting from the fraud in procuring the contract, the

contract having been rescinded at the instance of the plaintiff, there is no contract, and thus no basis for an action for damages for fraud. *Wilson v. Hundley*, 96 Va. 96 (1898); 25 Am. Jur. 2d, *Election of Remedies*, sect. 27, p. 669; 120 A.L.R. 1154.

It is obvious from a reading of the Motion for Judgment that the plaintiff is seeking damages for the alleged fraud and having elected to rescind the contract she cannot now seek these damages, and the Demurrer should be sustained.

As indicated above, I am of the opinion that the plaintiff was entitled to be compensated for any damages she suffered during the existence of the contract that are necessary to restore her to the position she was in prior to the alleged fraud; however, this claim should have been made in the former action and not in a separate suit.

In discussing the relief a claimant is entitled to in a suit to rescind, the Supreme Court of Virginia in *Newton v. Newton*, 199 Va. 654 (1958), stated:

> [i]n a suit for the rescission of an instrument the plaintiff as a condition of obtaining such relief is usually required to restore the benefits he has received, according to the equitable maxim that he who seeks equity must do equity, and he will not be allowed to gain an unconscionable advantage from the transaction. A vendor who seeks to cancel his contract, particularly where the ground is the wrong of the vendee, is entitled to deduct from the consideration paid to him any financial loss sustained by him by reason of the contract and the amount of the financial benefit received by the vendee during his possession under the contract. 9 Am.Jur., *Cancellation of Instruments*, §§ 39-40, pp. 384-5. In such proceeding the aim of equity is to award complete, just and equitable relief, with a view to restoring the parties to the status quo and equitably adjusting their interests under the circumstances of the case. 12 C.J.S., *Cancellation of*

*Instruments*, § 77, p. 1077. Cf. *Long v. Harrison*, 134 Va. 424, 447, 114 S.E. 656, 663.

Having failed to claim any of these damages in the former action, the plaintiff is now estopped to file another action.

> That where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to the litigation to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation, in respect of matter which might have been brought forward as a part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case. The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required, by the parties, to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.

Quoted with approval by the Supreme Court of Virginia, in *Diamond State Iron Company v. Rarig*, 93 Va. 595 (1896), from *Henderson v. Henderson*, 3 Hare 115, 25 Eng. Ch. R. 100, 67 Eng. Rep. 313 (V.C. 1843).

Counsel are requested to present a properly endorsed order sustaining the defendant's demurrer and dismissing this action.